UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHEILA J. CARRO, *both individually and as Trustee*;
CLARE E. VISK, *both individually and as Trustee*; and
CHRISTINA MEIER,

                             **Plaintiffs,**

   vs.                                       1:25-cv-01227
                                                      (MAD/TWD)

**JEFFREY GAUL,**

                               **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**MEIER LAW FIRM, PLLC**              **CHRISTINA W. MEIER, ESQ.**
10 Utica Avenue
Albany, New York 12110
Attorneys for Plaintiffs

**JEFFREY GAUL**
c/o Paula Gaul
2279 Preisman Drive
Schenectady, New York 12309
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Jeffrey Gaul ("Defendant") is seeking removal of a case pending in the Rensselaer County Surrogate's Court to the U.S. District Court for the Northern District of New York. *See* Dkt. No. 1. The pending case is regarding the trust of the late William Gaul, father of Defendant and Plaintiffs Sheila Carro and Clare Visk. *Id.* In his purported notice of removal under 28 U.S.C. § 1441, Defendant mentions Carro, Visk, and attorney Christina Meier (collectively "Plaintiffs").

1

*Id.* Defendant also filed an application for *in forma pauperis* ("IFP") status. *See* Dkt. No. 2. On October 27, 2025, Plaintiffs filed a letter asking the Court to remand the case to the Surrogate's Court. Dkt. No. 9. The same day, Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation and Order recommending that Defendant's IFP application be denied, and that the matter be remanded to the Rensselaer County Surrogate's Court due to a lack of federal subject matter jurisdiction. *See* Dkt. No. 8. For the reasons set forth below, the Court adopts Magistrate Judge Dancks's Report-Recommendation and Order.

## II. DISCUSSION

### A.  Standard of Review

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Additionally, federal courts must assess *pro se* litigants' filings under a more lenient standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Likewise, *pro se* litigants' filings should "be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and the Court must read

2

Defendant's filings "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

B.     **Defendant's Objections to the Report-Recommendation and Order**

Defendant has stated seven numbered objections to Magistrate Judge Dancks's Report-Recommendation and Order. *See* Dkt. No. 11 at 2-3. As explained below, even under a liberal construction, Defendant's objections do not trigger *de novo* review of the Report-Recommendation and Order.

Defendant's first objection, that he has not received information regarding his father's trust from Plaintiffs, reiterates points made in his notice of removal. *Id.* at 2; *see* Dkt. No. 1 at ¶¶ 6-9. Similarly, Defendant's second objection states that his "constitutional rights have been violated" and asks the Court to "see [his] previous filings as they are relied on by [him] . . . ." Dkt. No. 11 at 2. Because this objection simply invites the Court to revisit Defendant's earlier arguments on this issue, it does not warrant *de novo* review. In addition, Defendant's third objection, which discusses the recommended denial of IFP status, is simply a rehashing of his IFP application with no new supporting information. *See id.*; Dkt. No. 2. These objections warrant clear error review because they either reiterate arguments already made or simply refer the Court to documents already filed.

Defendant's fourth objection states that Magistrate Judge Dancks "did not address . . . the constitutional issues[,] so [she] erred in [her] determination that [the Court] lack[s] subject matter or personal jurisdiction." Dkt. No. 11 at 2. Although this objection appears to challenge Magistrate Judge Dancks' analysis of subject matter jurisdiction, it fails to specify which "constitutional issues" she purportedly did not address. Because this objection "fails to substantively engage with the reasoning of the [Report-Recommendation and Order,]" it is

3

conclusory and requires clear error review. *Akhtar v. Adams*, No. 23-CV-6585, 2024 WL 3862673, *1 (S.D.N.Y. Aug. 19, 2024), *appeal dismissed*, No. 24-2370, 2025 WL 2625360 (2d Cir. July 31, 2025).

Defendant's fifth, sixth, and seventh objections are similarly nonspecific. The fifth objection states Defendant's displeasure with the Report-Recommendation and Order and emphasizes his desire for assistance from the Northern District of New York Federal Court Bar Association's *Pro Se* Assistance Program, but does not identify any particularized issues that would require *de novo* review. Dkt. No. 11 at 3. Likewise, the sixth and seventh objections appear to broadly accuse Magistrate Judge Dancks of failing to "properly investigate" Defendant's removal arguments, follow Supreme Court directives, and instruct Defendant on the proper way to proceed. *Id.* These objections are conclusory because they fail to contest any specific aspects of the Report-Recommendation and Order, and clear error review is therefore appropriate.

**C.   Defendant's IFP Application**

"In order to proceed IFP in federal court, the court must be satisfied by [Defendant's] affidavits that [he is] unable to pay the 'cost of these proceedings.'" *Mulqueen v. Herkimer Cnty. Child Prot. Servs.*, No. 6:22-CV-1301, 2023 WL 4931679, *1 (N.D.N.Y. Aug. 2, 2023) (citing 28 U.S.C. § 1915), *order and report-recommendation adopted*, 2024 WL 756833 (N.D.N.Y. Feb. 23, 2024). Magistrate Judge Dancks correctly referred to poverty standards to determine whether Defendant's IFP application should be granted, *see* Dkt. No. 8 at 1-2, but comparison to the standards becomes impossible when the movant does not identify his gross or take-home pay, *see* Dkt. No. 2 at 1. Because "[t]he preferred practice is for the Magistrate first to consider the [party's] economic status and decide whether to grant leave to proceed *in forma pauperis*[,]" *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), and because the Court is reviewing the IFP

4

determination for clear error, the Court sees no reason to depart from Magistrate Judge Dancks's conclusion that Defendant failed to demonstrate a need for IFP status. *See* Dkt. No. 8 at 8. Though Defendant would typically be allowed to amend his application, for the reasons set out below, this Court's lack of subject matter jurisdiction renders this issue moot.

**D.     Procedural Requirements for Removal**

For a defendant to remove a civil action from state court into federal district court, the movant must file a notice of removal "containing a short and plain statement of the grounds for removal" within thirty days after receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(a), (b)(1).  As of the filing of Defendant's notice of removal, he had not been served with a complaint. *See* Dkt. No. 1; Dkt. No. 9 at 1.  Because Defendant was not served with the necessary papers, he could not have complied with the requirement to attach such papers to his notice of removal.  Likewise, he could not have followed this Court's Individual Rules and Practices, which require that all parties moving pursuant to 28 U.S.C. § 1441 file and serve, within seven days after filing a notice of removal, a signed statement setting forth the date the defendant received a copy of the state court summons and complaint.  Thus, Defendant's filing without previously receiving service of the complaint is a procedural defect warranting dismissal.

**E.     Subject Matter Jurisdiction**

Even if Defendant had been served with a complaint prior to initiating removal, the Court must still remand the case because it lacks subject matter jurisdiction.  "[A]ny civil action brought in a State court of which the district courts . . . have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  To establish that removal is proper,

5

the defendant must show that the action could have been filed in federal court based on either diversity jurisdiction or federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 391-92 (1987). "A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

### 1. *Diversity Jurisdiction*

Diversity jurisdiction requires complete diversity of the parties, which means that if any plaintiff and any defendant are citizens of the same state, diversity jurisdiction is unavailable. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460 (2d Cir. 1998). Because Defendant and Plaintiff Visk both appear to be New York citizens (as Magistrate Judge Dancks determined through Rensselaer County Surrogate's Court records), the Court agrees with Magistrate Judge Dancks that complete diversity between the parties is lacking. *See* Dkt. No. 8 at 7 & n.6.

### 2. *Federal Question Jurisdiction*

"A federal question arises if a substantial, disputed question of federal law is presented on the face of the well-pleaded complaint." *Dumont v. United States*, No. 3:13-CV-0873, 2013 WL 6240468, *7 (N.D.N.Y. Dec. 3, 2013) (citing *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004)). More specifically, as was explained in an earlier decision from this District where Defendant was a party, "[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dean v. Gaul*, No. 1:22-CV-1014, 2022 WL 17820154, *3 (N.D.N.Y. Sept. 30, 2022) (quoting *Caterpillar Inc.*, 482 U.S. at 392), *order and report-recommendation adopted*, 2023 WL 1421454 (N.D.N.Y. Jan. 31, 2023); *see also* Dkt. No. 8 at 6-7. As mentioned, Plaintiffs have not served a complaint upon Defendant. Rather, Defendant makes factual allegations in the notice of removal, which is premature and

cannot form the basis for federal question jurisdiction. Dkt. No. 1; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Because the Court lacks subject matter jurisdiction over this case, the Court remands the action to the Rensselaer County Surrogate's Court for further adjudication.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Report-Recommendation and Order (Dkt. No. 8) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiffs' letter motion regarding the notice of removal (Dkt. No. 9) is **GRANTED insofar as it requests remand of this case**; and the Court further

**ORDERS** that the case is **REMANDED to the Rensselaer County Surrogate's Court** for further adjudication; and the Court further

**ORDERS** that Defendant's motion for leave to proceed *in forma pauperis* is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 8, 2025
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

7